IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| DARRIN TERRONE AUZENNE, | ) | | |
| Plaintiff, | ) ) ) | | |
| vs. | ) | : | CIVIL ACTION 08-571-CB-N |
| MICHAEL MCCRORY, | ) ) ) | | |
| Defendant. | ) ) | | |

## REPORT AND RECOMMENDATION

Plaintiff Auzenne has filed this action claiming deprivation of constitutional rights pursuant to 28 U.S.C. §1983. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for appropriate action.

Defendants filed a Special Report (doc. 19) which the court converted to a Motion for Summary Judgment (doc. 21). That order included detailed instructions to the plaintiff for responding to that dispositive motion, and set a deadline of March 3, 2010, for plaintiff to file any response. That order also required plaintiff to notify the court whether he wished to proceed with the action.

On February 12, 2010, plaintiff filed a notice (doc. 22) that he intended to proceed with the case. That notice also mentioned that he was seeking counsel to assist him, but did not ask for a stay of the response schedule. Nonetheless, in its February 18, 2010, order noting his intention to proceed (doc. 23), the court reminded plaintiff of the deadline and that his notice did not extend that deadline. The court told plaintiff to prepare his response rather than hope for an attorney, and noted that his hope for legal assistance was not a valid basis for extension.

Nonetheless, plaintiff has filed no response to the summary judgment motion. The court thus proceeds to decide the issues raised in defendants' Motion for Summary Judgment.

## Plaintiff's Allegations

Plaintiff has alleged that his rights were violated as follows:

(1) There is no medical staff at the Monroe County Detention Facility and on multiple occasions he has been administered the wrong medication by corrections officers.

(2) He has run out of his prescription medication, and has received no response to numerous requests for medical treatment.

(3) He has been denied the right to practice his religion because the Monroe County Detention Facility offers no Islamic worship service, Qur'ans are not available for purchase in the commissary, and a Qur'an that had been sent to him was confiscated by jail authorities.

(4) He has requested a pork-free diet, yet the vegetables served at the Monroe County Detention Facility contain pork.

(5) Stamped envelopes mailed to him by his family were confiscated by jail authorities without notification or the opportunity to return them to the sender.

(6) Stamps are not available for sale in the commissary.

(7) His meals are not adequately portioned, and that there is no milk or fruit served.

(8) Certain items made available for purchase in the commissary do not contain barcoded packaging.

## Analysis

In addition to challenging the factual basis of plaintiffs' claims, defendants assert that plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e(a), because he has failed to exhaust his administrative remedies and has suffered no physical injury.

Defendants further argue that plaintiff's claims against them in their official capacities must be dismissed, and that the individual capacity claims are due to be dismissed because defendants are entitled to qualified immunity

*Exhaustion of Remedies*

The Prison Litigation Reform Act of 1995 ("PLRA") requires exhaustion of all available administrative remedies before the filing of a lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (2005). Exhaustion is required for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). In Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006), the Supreme Court held that "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *See also* Booth v. Churner, 532 U.S. 731, 739 (2001) ("Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards.").

In response to the allegations that defendants confiscated postage mailed to plaintiff by a family member, defendants note that they were unaware of any stamps having been mailed to plaintiff, but that the Sheriff's Department reimbursed the relative who had allegedly mailed stamps to him, and includes a copy of the check in the amount of $8.40. It is apparent that a complaint was made.

The Special Report included the affidavit of Sheriff Thomas Tate. Sheriff Tate testifies that he ordinarily received complaints from inmates, and that he had received no complaint concerning any of plaintiff's allegations, either verbally or in writing. However, defendants' Special Report includes a copy of a written complaint from plaintiff concerning the sale of items

at the commissary which were not labeled for individual sale, the unavailability of postage stamps at the commissary, and a stopped-up sink [with notation that the problem was solved].

It is uncontested in the record before the court that plaintiff has not exhausted his administrative remedies except as to his claims for the sale of improperly labeled items in the commissary, the unavailability of postage stamps at the commissary, and the seizure of stamps mailed to plaintiff by a relative. With regard to the claims as to which no complaint has been shown to exist, the undersigned RECOMMENDS that those claims be DISMISSED for failure to exhaust administrative remedies.[1]

*Official Capacity Claims*

The Plaintiff's claims against the Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs). The undersigned RECOMMENDS that the remaining official-capacity claims be DISMISSED pursuant to the Eleventh Amendment.

---

[1] Plaintiff's remaining claims do not claim mental or emotional damage, but appear simply to claim a violation of his rights, as might give rise to an award of nominal damages. Rather than address the physical injury provisions of the PLRA—the applicability of which to such a situation is not immediately certain--the court

*Substantive Merits and/or Qualified Immunity*

In Saucier v. Katz, the Supreme Court directed courts to use the following two-part test to determine whether qualified immunity applies: first, the court determines whether there was a constitutional violation; second, the court determines whether the constitutional right in question was clearly established. 533 U.S. 194, 201 (2001). Recently, however, the Court abandoned the rigid order of analysis enunciated in Saucier and stated that courts are no longer required to first determine whether there was a constitutional violation. Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (2009). The Pearson court concluded that: "[W]hile the sequence set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id.

Plaintiff's remaining individual capacity claims are subject to Dismissal, as well. First, as to the claim for seizure of the postage mailed to him, it is uncontested that the Sheriff's Department has reimbursed the sender for any lost postage. There is no impediment to that person re-sending postage to plaintiff, and plaintiff has demonstrated no deprivation or injury. Summary Judgment is due to be entered in defendant's favor on the undisputed facts relevant to this claim; alternatively, the plaintiff's temporary deprivation of stamps does not state a constitutional claim. See e.g. Van Poyck v. Singletary, 106 F.3d 1558 (11th Cir. 1997) (limitation of free paper and stamps for non-legal mail to quantity sufficient to one letter per month for indigent inmates did not violate Sixth Amendment).

Second, as to the jail's failure to sell stamps at the commissary, it is uncontested that inmates are provided postage for legal mail, and there is no evidence that plaintiff has been

deprived of any right or was injured by the alleged failure to sell stamps, particularly if, as noted above, relatives and friends have provided and may continue to provide plaintiff with stamps for his personal use. Again, summary judgment is due to be entered for defendant on this claim and, alternatively, plaintiff has not stated a constitutional claim.

With regard to the sale of products at the commissary which are allegedly not labeled in conformity with federal law for individual sale, defendants are entitled to qualified immunity. A review of applicable case law finds no case clearly establishing a constitutional right to a jail's compliance with FDA labeling regulations. The undersigned finds that a reasonable officer would not have had reasonable notice that selling such allegedly mis-labeled items in the jail commissary violated any constitutional right. The undersigned RECOMMENDS that this claim be dismissed on the basis of qualified immunity.

## Conclusion

For the reasons set forth above, it is hereby RECOMMENDED that defendants' Motion for Summary Judgment be GRANTED; that plaintiff's section 1983 claims be DISMISSED with prejudice, and that judgment be entered in favor of the defendants.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 8th day of June, 2010.

/s/ Katherine P. Nelson  
**KATHERINE P. NELSON**  
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson